UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LATOYA GRIFFIN,<br><br>    Plaintiff,<br><br>v.<br><br>ALYSIA HOME HEALTH AGENCY,<br><br>    Defendant | Case No. 2:16-cv-01867<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW COMES, Plaintiff, Latoya Griffin, ("Plaintiff") by and through her attorney, Kayla Drum, Esq., of Kraemer, Manes & Associates LLC, and files this complaint alleging as follows:

### I.    Nature of the Action

1. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA") 29 U.S.C.A. § 201, *et seq*; the Pennsylvania Minimum Wage Act ("PMWA") 43 P.S. § 333.101, *et seq*; the Pennsylvania Wage Payment and Collection Law ("WPCL") 43 P.S. § 260.1 *et seq* because Defendant unlawfully failed to pay her compensation owed to her by law.

### II.    Jurisdiction and Venue

2. This action arises under the statues cited in the preceding paragraph. This Court has jurisdiction over Plaintiff's federal discrimination claims pursuant to 28 U.S.C. § 1331.

3. Jurisdiction for Plaintiff's Claims under the FLSA is property under federal question jurisdiction, 28 U.S.C.A. § 1331. Jurisdiction for Plaintiff's claims of violations of the PMWA, and the WPCL is also proper under supplemental jurisdiction 28 U.S.C. § 1367(a).

4. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omission giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

## I.   Parties

5. Plaintiff, is an adult individual who currently resides at 718 South Ray Street, New Castle PA 16101.

6. Defendant, Alysia's Home Care Services, Inc., ("Defendant"), is a Pennsylvania Business Corporation Addressed at 1033 E. Washington Avenue New Castle, PA 16101..

## II.   Facts

7. Plaintiff began her employment with Alysia as a Caregiver. She was then promoted to Consumer Monitor.

8. In February of 2016, Plaintiff began doing both positions. The Consumer Monitor position was a salaried position at $35,000 per year and the Caregiver position paid $10/hour.

9. For over a year, Plaintiff typically worked a total of 70 hours a week for Defendant in both positions Plaintiff never received any overtime payments for the year that she typically worked 30 hours per week in overtime.

10. Plaintiff understood that she should be receiving overtime compensation and spoke to the Administrator, Alysia Estes, multiple times regarding the issue.

11. However, this issue was never resolved and Plaintiff continued not to receive the compenstaion owed to her.

12. On or about June 25, 2017 Mr. Robert Moore ("Mr. Moore") informed Plaintiff that she was "stealing money" by working two positions. Mr. Moore informed Plaintiff that she had to pick one position.

13. Plaintiff chose to remain in her Consumer Monitor position.

14. The following day, June 26, 2017, Plaintiff was terminated from her position by Mr. Moore for allegedly "stealing money" because she worked two positions within the company.

### V.     Causes of Action
### Count I
**Unlawful Failure to Pay Wages/Overtime in violation of the FLSA**

15. All other paragraphs of this pleading are incorporated herein as if set forth at length.

16. For purposes of the FLSA, at all times relevant to this action, Defendant was engaged in commerce and/or the production of goods for commerce and/or Defendant was an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C.§ 206(a).

17. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA under 29 U.S.C. § 203.

18. Defendant failed to pay Plaintiff's wages in violation of the FLSA on numerous occasions.

19. Defendant also failed to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week in violation of the FLSA. See 29 U.S.C. § 207(a)(1).

20. Defendant's refusal to pay Plaintiff's wages and overtime was willful, wanton, intentional, and purposeful.

21. As a direct result of Defendant's unlawful actions and omissions, Plaintiff suffered damages.

22. Defendant's acts and omission constitute an illegal failure to pay wages and overtime in violation of the FLSA.

## Count II

**Unlawful failure to Pay Wages/Overtime in Violation of the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. § 333.101, et seq**.

23. All other paragraphs of this pleading are incorporated herein as if set forth at length.

24. At all times relevant to this action, Plaintiff was an employee of Defendant under the PMWA, 43 P.S. § 333.103(h), and entitled to its protections.

25. At all times relevant to this action, Defendant was an employer under the PMWA, because it acted either directly or indirectly in the interest of itself, in relation to Plaintiff. See 43 P.S. § 333.103(g).

26. The PMWA entitles employees to overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a work week.

27. The PMWA also entitles employees to be paid wages for all hours worked.

28. At all times relevant to this action, Plaintiff was not exempt from being entitled to straight time and overtime pay under the PMWA, and Plaintiff is, therefore, entitled to payment for hours worked and one and one-half times his regular hourly rate for hours worked in excess of forty (40) in a work week.

29. At all times relevant to this action, Defendant employed Plaintiff and should have paid Plaintiff time and a half for hours worked in excess of forty hours, and straight time for all hours worked that were not in excess of forty hours.

30. In violation of the PMWA, Defendant failed to pay Plaintiff one and one-half times this regular hourly rate for hours worked in excess of forty (40) hours in a work week, and also failed to pay Plaintiff straight time for hours worked under (or equal to) forty (40) hours in a work week.

31. Defendant willfully and deliberately failed to pay Plaintiff wages and overtime compensation (i.e., at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week) in violation of the PMWA.

32. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

33. Defendant's acts and omissions constitute an illegal failure to pay wages and overtime in violation of the PMWA.

## Count III

**Unlawful failure to pay wages/overtime in Violation of the Pennsylvania Wage Payment & Collection Law (WPCL), 43 P.S. § 260.1 et seq.**

34. All other paragraphs of this leading are incorporated herein as if set forth at length.

35. At all times relevant to this action, Plaintiff was an employee of Defendant within the meaning of the WPCL and entitled to its protections.

36. Defendant is an employer covered by the WPCL because it is considered a person, firm, partnership, association, corporation, and/or an agent or officer employing persons in the Commonwealth of Pennsylvania. See 43 P.S. § 260.2a.

37. Plaintiff is entitled to "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a work week under both the FLSA and the PMWA.

38. Plaintiff is entitled to payment at the employee's regular rate of pay for all hours worked at or under 40 in a work week under both the FLSA and PMWA.

39. Instead of paying Plaintiff wages at the regular rate (for hours at or under 40 hours in a work week) and overtime compensation (for hours in excess of 40 hours in a work week), Defendant instead regularly unlawfully chose to not pay Plaintiff any wages at all.

40. Defendant willfully failed to pay Plaintiff wages (at Plaintiff's regular pay rate for hours worked at or under forty hours in a work week) and overtime compensation (at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week).

41. Pursuant to the WPCL, such overtime and regular pay is due and payable by Defendant to Plaintiff on regular paydays. Defendant failed to pay Plaintiff the wages and overtime pay she was entitled to on regular paydays.

42. Defendant's refusal to pay Plaintiff for certain hours worked (including both regular pay and overtime pay) on regular paydays was willful and not in good faith.

43. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

44. Defendant's acts and omissions constitute an illegal failure to pay wages and overtime in violation of the WPCL.

## Request for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant for all damages and other remedies for which Plaintiff is entitled to under each of the statutes cited in each of the above counts, including but not limited to the following:

a. Loss of wages/back pay;

b. Front pay as deemed appropriate by the court;

c. Compensatory and punitive damages against the Defendant as allowed by law;

d. Unpaid wages (including both wages that should have been paid at the regular rate, as well as wages that should have been paid at the overtime rate);

e. Liquidated damages;

f. Plaintiff's legal fees, costs, and expenses;

g. Pre-judgment and continuing interest;

h. Court costs; and

i. Other such relief as the Court may deem just and proper.

Respectfully Submitted,

*[signature]*

Kayla Drum, Esq.

**KRAEMER, MANES & ASSOCIATES, LLC**
U.S. Steel Tower
600 Grant Street, Suite 4875
Pittsburgh, PA 15219
412.626.5594 (p)
412.637.9233 (f)
kd@lawkm.com