IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LATOYA GRIFFIN, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 17-1577 |
| ) | |
| ALYSIA HOME HEALTH AGENCY ) | Magistrate Judge Robert C. Mitchell |
|     Defendant. ) | |

## OPINION

Presently pending before the Court is a Motion to Dismiss the Amended Complaint (ECF No. 9), with brief in support (ECF No. 10), filed by defendant, Alysia Home Health Agency (Alysia). For the reasons that follow, the Court will deny Alysia's motion.

**Factual and Procedural History**

On June 26, 2017, Plaintiff Latoya Griffin (Griffin) was terminated from her employment with Alysia on the basis that she was "stealing money" by working as both a caregiver and a consumer monitor. (ECF No. 8, ¶ 15). Griffin filed her original complaint on December 5, 2017. (ECF No. 1). On February 26, 2018, Alysia filed a motion to dismiss (ECF No. 3), and a brief in support thereof. (ECF No. 4). In response, Griffin filed an amended complaint (ECF No. 8). In light of this filing, the Court terminated Alysia's motion. On March 29, 2018, Alysia filed a motion to dismiss the amended complaint (ECF No. 9), along with a brief in support (ECF No. 10). Griffin has filed a brief in opposition (ECF No. 12).

In her amended complaint, Griffin contends that Alysia failed to pay her wages and overtime compensation in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et*

*seq*.; the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. § 333.101, *et seq*.; and the Pennsylvania Wage Payment & Collection Law (WPCL), 43 P.S. § 260.1, *et seq*.

On March 29, 2018, Alysia filed its motion to dismiss Griffin's amended complaint for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). Alysia contends that Griffin's complaint is insufficient to prove that she is engaged in interstate commerce as defined by the FLSA; thus, Count I of her complaint should be dismissed. (ECF No. 9, pg. 4-7). Alysia then asks this Court to decline to exercise supplemental jurisdiction over the remaining state law clams. (Id. at 7-9).

This Court has jurisdiction pursuant to 28 U.S.C. § 1331. The parties have consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c) (ECF No. 7, 13).

**Standard of Review**

A defendant moving to dismiss under Fed. R. Civ. P. 12(b)(6) bears the burden of proving that the plaintiff has failed to state a claim for relief. See Fed. R. Civ. P. 12(b)(6); *see also, e.g.*, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). The United States Supreme Court opinions in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007) and, more recently, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), have shifted pleading standards from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss. With the Supreme Court instruction in mind, the Court of Appeals for the Third Circuit has outlined a two-part analysis that courts should utilize when deciding a motion to dismiss for failure to state a claim. First, the factual and legal elements of a claim should be separated. In other words, while courts must accept all of the complaint's well-pleaded facts as true, they may disregard any legal conclusions. Second, courts then decide whether the facts alleged in the complaint are sufficient to demonstrate that the plaintiff has a

"plausible claim for relief." Iqbal, 129 S.Ct. at 1950. That is, a complaint must do more than allege the entitlement to relief; its facts must show such an entitlement. Fowler v. UPMC Shadyside, 578 F.3d 203, 210–211 (3d Cir. 2009).

**Discussion**

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." Genesis Healthcare Corp. v. Symczyk, 133 S.Ct. 1523, 1527 (2013). The statute requires that an employer must pay any employee "who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" a specified minimum hourly wage for work performed. 29 U.S.C. § 206(a). For hours worked beyond forty, an employer must pay "not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a).

To state a claim that an employer violated the FLSA's overtime compensation requirement, the plaintiff must establish that she is an employee covered by the FLSA's overtime wage provisions. 29 U.S.C. § 207(a). Individual coverage can be established if an employee is "engage[d] in commerce or in the production of goods for commerce." Reich v. Gateway Press, Inc., 13 F.3d 685, 694 (3d Cir. 1994) (citations omitted). The FLSA also extends coverage to employees if the employer is an "enterprise engaged in commerce." Id. Once coverage is established "a plaintiff must sufficiently allege [forty] hours of work in a given workweek as well as some uncompensated time in excess of the [forty] hours." Davis v. Abington Mem'l Hosp., 765 F.3d 236, 242 (3d Cir. 2014) (citation and internal quotation marks omitted).

Alysia's argument centers on Griffin's alleged inability to establish individual coverage. Specifically, Alysia argues that Griffin's FLSA claim fails because, during her employment with Alysia, Griffin was not "engaged in commerce" within the meaning of the Act. (ECF No. 10, pg. 4).

"Commerce" is defined by the Act as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). The relevant Federal Regulation explains as follows.

> Employees are "engaged in commerce" within the meaning of the Act when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof. … The courts have made it clear that this includes every employee employed in the channels of such commerce or in activities so closely related to this commerce, as to be considered a part of it as a practical matter. … Typically, but not exclusively, employees engaged in interstate or foreign commerce include employees in distributing industries, such as wholesaling or retailing, who sell, handle or otherwise work on goods moving in interstate commerce as well as workers who order, receive, pack, ship, or keep records of such goods; clerical and other workers who regularly use the mails, telephone or telegraph for interstate communication; and employees who regularly travel across State lines while working.

29 C.F.R. § 779.103.

In her amended complaint, Griffin alleges that she "used instrumentalities of interstate commerce in her work," including, but not limited to, "her vehicle, latex gloves, and paper," which she asserts "have been manufactured out of state and moved in interstate commerce" such as to satisfy the requirements of the Act. (ECF No. 8, ¶ 16). Citing to cases outside of this Circuit, Alysia argues against a broad interpretation of "engaged in commerce," and contends that Griffin's limited contact with goods that have been transmitted across state lines is insufficient to establish individual coverage under the FLSA. (ECF No. 10, pg. 4-7).

4

However, even if this Court was to adopt Alysia's argument, it cannot ignore Griffin's well-pleaded allegations that she is entitled to FLSA coverage because Alysia, as a home health care business, is an enterprise engaged in commerce within the meaning of the Act. See 29 U.S.C. § 203(s)(1); (ECF No. 8, ¶ 18).[1] Indeed, the Third Circuit has held that businesses whose employees use materials manufactured out-of-state and moved in interstate commerce are "enterprises engaged in commerce" for the purposes of the Act. See Marshall v. Brunner, 668 F.2d 748, 751 (3d Cir. 1982) (holding that use by employees of "trucks, truck bodies, tires, batteries, and accessories, sixty-gallon containers, shovels, brooms, oil and gas" that had been manufactured out of state and had moved in interstate commerce was sufficient to establish that Brunner was an "enterprise engaged in commerce").

Thus, accepting Griffin's allegations as true, this Court finds the same sufficient to demonstrate a "plausible claim for relief." Iqbal, 129 S.Ct. at 1950; see also Razak v. Uber Techs., Inc., No. CV 16-573, 2016 WL 5874822, at *5 (E.D. Pa. Oct. 7, 2016) (observing that "[c]ourts in this Circuit frequently hold that alleging that the defendant was an enterprise engaged in commerce under the FLSA "[i]s sufficient for purposes of a motion to dismiss") (citations omitted). Accordingly, Griffin's amended complaint survives Alysia's motion to dismiss.

---

[1] In its motion to dismiss Griffin's amended complaint, Alysia makes no argument with respect to "enterprise coverage."

**Conclusion**

For the foregoing reasons, Alysia's motion to dismiss is denied in its entirety. An appropriate order follows.


Dated: June 4, 2018                                  <u>/s/  *Robert C. Mitchell*</u>

                                                     ROBERT C. MITCHELL
                                                     United States Magistrate Judge

Cc: record counsel via CM-ECF

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LATOYA GRIFFIN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-1577 |
| | ) | |
| ALYSIA HOME HEALTH AGENCY | ) | Magistrate Judge Robert C. Mitchell |
| Defendant. | ) | |

## **ORDER**

AND NOW, to-wit, this 4th day of June, 2018, for the reasons stated in the Opinion filed contemporaneously herewith, it is hereby ORDERED that Alysia's Motion to Dismiss Amended Complaint (ECF No. 9) is DENIED.

/s/ *Robert C. Mitchell*
ROBERT C. MITCHELL
United States Magistrate Judge

Cc: record counsel via CM-ECF